UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTHERN CABLE AND AUTOMATION, LLC,
d/b/a FLEX CABLE, a Michigan limited liability company,

    Plaintiff,

v.

    Case No.: _____
    Hon. _____

GENERAL MOTORS COMPANY,
a Delaware corporation,

    Defendant.

## COMPLAINT FOR DECLARATORY RELIEF

### THE PARTIES

1. Plaintiff Northern Cable and Automation, LLC d/b/a Flex Cable ("Flex Cable") is a limited liability company organized under the laws of Michigan, with its principal place of business in Howard City, Michigan.

2. General Motors Corporation ("GM") is a corporation organized under the laws of Delaware and has its principal place of business in Detroit, Michigan.

### NATURE OF THE ACTION

3. This is an action for a declaration of the parties' rights concerning a patent.

### JURISDICTION AND VENUE

4. This lawsuit is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over GM.

1

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because GM does business in the State of Michigan, has a regular and established place of business in this District, and is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

**Flex Cable's History**

7. For over sixty years, Flex-Cable has been supplying custom cables and laminated shunts and assemblies to both the resistance welding industry as well as the steel mill industry.

**Flex Cable's Patent-in-Suit**

8. U.S. Patent No. 7,976,333, entitled "Laminar electrical connector", was duly and properly issued by the United States Patent and Trademark Office on July 12, 2011. A copy of the Patent is attached as Exhibit A.

9. Plaintiff is the owner of the Patent.

10. Erwin Kroulik was the inventor of the Patent.

11. Flex Cable filed the application for the Patent on September 29, 2009.

**Flex Cable's Innovation**

12. The claims in the patent were originally conceived by Mr. Kroulik while he was employed by Flex Cable on September 2 and 3, 2008.

13. This conception predates the Definitive Agreement between GM, LG Chem, Ltd. and Compact Power, Inc. ("LG") executed on October 31, 2008. Exhibit B.

14. Here is the relevant chronology:

a. On September 2, 2008, Mr. Kroulik and Mike Mets from Flex Cable met with Mark Niedzwiecki of LG. Mr. Niedzwiecki explained to them the current problems that LG was experiencing with battery packs.

b. Those problems were that the solid bus bars being used were pulling the terminals off the batteries in the vibration tests. LG was using a solid bus bar to which a cable and terminal was attached.

c. Mr. Kroulik and Mr. Mets traveled together back to the Flex Cable Birmingham office and discussed possible solutions.

d. Those solutions were to use shunt (thin copper) material to make a flexible bus bar and to bond the ends to make a solid terminal. Also, from a quality/reliability standpoint, Mr. Kroulik attempted to eliminate as many joints as possible. The above solutions would replace the current solid bus bar, cable and terminals with a flexible bus bar, one piece end to end.

e. Mr. Kroulik and Jan Christianson met the next morning. Mr. Kroulik explained that a better way of accomplishing the termination at the ends was by making the ends solid and punching or drilling a hole through them rather than having a solder joint to a terminal that could break.

f. Mr. Kroulik and Mr. Christianson then worked on a prototype over the next several weeks.

g. Mr. Kroulik and Mr. Christianson met with LG on November 13, 2008 to present their prototype, which had a black jacket. LG stated that the jacket had to be orange.

h. There was a follow-up meeting between Flex Cable and LG on January 8, 2009, at which Flex Cable provided the orange-jacketed sample. LG requested additional samples.

i. GM's employee Charanjit Chawa's first involvement was January 14, 2009, when he scheduled a meeting for January 21, 2009.

j. January 21, 2009 was the first meeting with Mr. Chawa, who already had with him one of Flex Cable's samples. At the meeting, Flex Cable presented the invention of a completed connector formed by joining strips of copper with tin flux therebetween and ends free of sheath or a transverse grommet. Mr. Chawa had little if any experience in this area and contributed nothing of substance to the design.

k. On January 30, 2009, Mr. Chawa requested certain math data.

l. Mr. Chawa signed a non-disclosure agreement on February 2, 2009.

m. Mr. Chawa was then involved in a very limited discussion concerning integration into GM vehicles.

n. GM had no input other than Mr. Chawa's suggestions of how to integrate the invention into GM vehicles.

o. There is no GM proprietary information contained in the patent application.

p. The Definitive Agreement between GM, LG executed on October 31, 2008, post-dated the conception date of the invention.

q. Flex Cable is under no obligation to assign the Patent to GM under the Definitive Agreement.

    r.   The purchase orders issued by GM and LG were for a finished product, not for development work.

    s.   There was no development agreement between LG and Flex Cable.

**GM's Wrongful Claim of Ownership**

15. On May 1, 2012, GM sent a letter to Plaintiff asserting that Mr. Chawa was a co-inventor and that GM has certain rights to the Patent through an assignment. Exhibit C.

16. Plaintiff has attempted to resolve this issue informally with GM, but GM refuses to cooperate.

## COUNT I:  DECLARATION REGARDING OWNERSHIP AND INVENTION OF THE PATENT

17. Flex Cable realleges and incorporates by reference the allegations of Paragraphs 1 - 16 of this Complaint as though fully set forth herein.

18. A dispute has arisen between the parties regarding ownership and invention of the Patent.

19. Flex Cable is the owner of all rights, title and interest in the Patent.

20. The issuance of the Patent is per se evidence of Flex Cable's ownership.

21. Flex Cable met the standards for conception and reduction to practice.

22. There is a presumption that Flex Cable is the true and only inventor under 35 U.S.C. §282.

23. Mr. Chawa was not an inventor or co-inventor.

24. The patent application does not contain any GM proprietary information.

25. There was no assignment of the Patent to GM under 35 U.S.C. §261.

26. GM has no rights to the Patent.

## PRAYER FOR RELIEF

WHEREFORE, Flex Cable prays for the following relief:

A. That Flex Cable be declared to be the only and true owner of the Patent;

B. That Kroulik be declared to be the only and true inventor of the Patent;

C. That GM and its officers, agents, servants, employees, and all those persons acting or attempting to act in active concert or in participation with them or acting on their behalf be immediately, preliminarily and permanently enjoined from infringement of the Patent; and

D. That Flex Cable be granted such other and additional relief as the Court deems just and proper.

Respectfully submitted,

**JONATHAN B. FRANK, P.C.**

By: _____/s/_____
    Jonathan B. Frank (P42656)
Attorney for Plaintiff
121 W. Long Lake Road, Suite 200
Bloomfield Hills, Michigan  48304
(248) 642-0500

Dated:  July 10, 2013